FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 10 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF GEORGIA

MARVIS M. IVEY,

PLAINTIFF,

VS.

BARACK OBAMA,

DEFENDANTS.

CIVIL NO.:

1:12-CV-3525-RLV

## COMPLAINT

Plaintiff sues the United States and shows the court as follows:

1.

Defendant Obama is engaging in illegal harassment and torture of an American citizen in retaliation to correctly placed complaints against him. See Exhibit "A" attached hereto and made a part hereof.

2.

Plaintiff brings this complaint seeking a restraining order against his further disruption and destruction to her affairs on the following grounds:

A) His acts constitute violation of plaintiff's rights to free speech;

B) He is causing others to commit crimes in furtherance of his criminal acts done against plaintiff and this nation as follows:

    i) An act of terrorism was performed in Rochester, New York to which the president was advised and acted in support of the domestic terrorists rather than do his duty and defend and protect this nation;

    ii) Plaintiff and others specifically petitioned defendant to do his duty in the

matter on two occasions one year apart due to the serious nature of the consequences;

  iii) Barack Obama refused constituting treason;

  iv) Defendant Obama joined with the domestic terrorists and began to retaliate in criminal retribution against plaintiff and others who had previously petitioned him for relief in the matter through evictions and other financial, communications (all forms), every form of government services disruptions and destructions (See Exhibit "A" for plaintiff's latest actual eviction despite lease and payment of rent);

  v) Plaintiff recently sat for a national exam in Atlanta, Georgia on Saturday, October 6, 2012 and was harassed by a Taxi driver whose identity will be disclosed during discovery along with a witness to his bizarre behavior;

  vi) Plaintiff purchased two computers since her stay in Atlanta and has suffered severe interference with internet use and telephone communications interfering with attempts to secure medical treatment and an attorney with copious clicks on the telephone and other disruptions to communications in now three locations;

  vii) In this third location after payment for two days the "management" announced that the carpet in your room will need to be shampooed and they did it! I walked into my room and the fumes were very sickening. I was forced to relocate to another room through vile government interference with my life;

  viii) At a previous location all of my belongings were sealed in a plastic bag to preserve integrity of my belongings so that I am able to substantiate my complaints and despite that I placed the "DO NOT DISTURB" sign on the door, the seal was broken and all of my belongings searched forcing me to notify management and relocate to another location;

  ix) the government under Barack Obama has worked tirelessly to discredit

plaintiff for no cause except criminal retribution against plaintiff's proper inquires regarding the question of treason and criminal violation of plaintiff's rights to seek redress of grievance for

1) Acts of race discrimination perpetrated by the original terrorists in retaliation against plaintiff's properly placed employment Title VII complaints against Highland Hospital (defendant refused EEOC protection in the matter, the court on remand refused filing of timely submitted Title VII complaint and despite the complaint also being brought under 42 U.S.C. 1981 has dismissed the same on grounds of time barred (See civil action referenced in Exhibit "A");

2) Act of bizarre, criminal mass destruction and murder in response to Plaintiff's properly placed bid to acquire City of Rochester owned property for purposes of starting a church (the property was demolished and the suspected dumping of nuclear waste to 254 Webster Ave, Rochester, New York 14609 was performed by the 'original terrorists' which Defendant has aided and abetted and probably performed in further retaliation to Ivey vs. EEOC (Highland Hospital as University of Rochester), et al (See Exhibit "A" attached hereto and made a part hereof);

3) Constant searches and illegal seizures of evidence which support plaintiff's complaints;

3.

Plaintiff is entitled to relief from Defendant Obama and his further acts of terrorism performed in conspiracy with others including the University of Rochester and governments including but not limited to Homeland Security divisions in the denial of and interference with medical treatment, interference with obtaining emergency care for pregnancy from rape by these

agents (from Strong Memorial Hospital, Rochester, New York a division of University of Rochester), use of noxious fumes, gases and other criminal means of altering plaintiff's level of consciousness (including shampooing carpets while a client is in residence) for purposes of illegal trespass and entry regardless as to plaintiff's presence for purposes of torture, criminal implantation of surveillance devices without consent for purposes of committing further crimes detected and undetected against plaintiff.

4.

Plaintiff demands that this matter be given high priority and that she be granted an immediate restraining order against defendant and any others acting on his behalf to interfere with plaintiff's rights to bring this action and pursue her personal business in the City of Atlanta, Georgia without further and unjust interference and disruption.

This the 8th day of October, 2012.

Marvis M. Ivey
P.O. Box 18404
Rochester, New York 14618
Telephone: (585) 214-9496

EXHIBIT "A"

,4 Pages Marcus Suez 10/8/2012

Marvis Ivey
P.O. Box 18404
Rochester, New York 14618
Telephone: (585) 214-9496

September 19, 2012

Honorable John Boehner, U. S. Congressman, Speaker of the House
Office of the Speaker
H-232 The Capitol
Washington, DC 20515

Dear Mr. Boehner:

Article III of the Constitution of the United States, Section 3 states, "Treason against the United States shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort." I have repeatedly requested action from the President regarding a mysterious deposit made to my former residential area which neighbors and I sought relief through petitioning for an adequate investigation. The material was suspected radioactive nuclear spent fuel reprocessing waste. A picture of the nuclear waste is enclosed. There were pictures of the American flag and eagles in seals as official markings on the waste. Subsequent to our requests suspicious handling included covering the material in a strange fashion which remains highly suspect to date. In the event nuclear waste has been covered after reports to our President about suspected race discriminatory and race retaliatory domestic terrorism:

1) I am entitled to damages;
2) Is the President a suspect for Treason for what could be considered an attack of War against this nation? And/or for giving Aid and Comfort to domestic terrorists suspected of committing the harmful acts in retaliation to my employment discrimination claims against Highland Hospital? See Marvis Ivey vs. United States Equal Employment Opportunity Commission, Et Al, Civil Action Number 09-CV-6337 (also 09-CV-06337) in the United States District Court for the Western District of New York where I have been severely denied my rights.

Your consideration is appreciated. The address of the suspected material is 254 Webster Avenue, Rochester, New York 14609. Your investigation will be appreciated.

Sincerely,

*Marvis Ivey*

Marvis Ivey, RN



254 Webster Avenue
Rochester, New York 14609

Marvis Ivey
P.O. Box 18404
Rochester, New York 14618
Telephone: (585) 214-9496

September 19, 2012

Mr. James Moser, Attorney
United States Dept. of Education
Office for Civil Rights
32 Old Slip, 26th Floor
New York, New York 10005

In Re: Case No.: 02-12-2122

Dear Mr. Moser:

This letter is written to demand that my rights as a citizen of the United States be protected from further violations from the involvement of your office in the complaints which I have filed against Colgate Rochester Crozer Divinity School. I have received no response to my questions about your (U.S.A.) relationship with Colgate Rochester Crozer Divinity School. However, no agency in the U.S.A. is qualified to retaliate against sincere inquiries about properly and confidentially placed. Enclosed is a Friction Statement and Affidavit of the facts you should be fully aware of in this matter. I previously inquired as to your part in the eviction. Coercion through eviction is criminal. My lease needs to be enforced Sir.

Sincerely,

*Marvis Ivey*

Marvis Ivey

Enclosure(s): (Yes) / No

CC:

STATE OF NEW YORK
COUNTY OF MONROE

## EVICTION STATEMENT AND AFFIDAVIT

Marvis Ivey responds to the background check statement of eviction as follows:

1.

The eviction was a wrongful eviction which has been appealed.

2.

The eviction did not occur because of non-payment of rent.

- A) Payment of rent was current through August 2012 and September through December rent was current due to Marvis Ivey's financial aid award which was used to pay student's rent. Students were responsible for their own summer months rent payments. Financial aid covers the school semester months. A copy of the August rent payment in a certified check is attached hereto as Exhibit "A."
- B) Prior months' rent for June and July were also acknowledged as paid.
- C) The eviction was wrongful because the school alleged they "elected" not to renew Marvis Ivey's lease stating she had damaged or blocked the bedroom window when in fact, a lease has been offered to Marvis Ivey dated July 1, 2012 through December 31, 2012 which she signed and returned to the school along with the first month's rent payment for that lease. The first page of that lease is attached hereto in Exhibit "B." The school's acceptance of Marvis Ivey's July rent payment makes the lease of full force.

3.

Marvis Ivey took pictures of the only window in the bedroom which show and prove she did not damage the window during the months of June and July as the school alleged. The pictures attached in Exhibit "C" were taken during the month of August when Marvis Ivey took videos of her apartment.

4.

The school's acts were crooked and dishonest and were done in retaliation to Marvis Ivey because of complaints of race discrimination and sexual harassment from the facilities department which the school chose not to stop. Marvis Ivey was forced to make her complaints to outside agencies. The school retaliated with the fraudulent eviction. Marvis Ivey has properly appealed the matter to the courts.

5.

Your reliance on the wicked acts of the school and the wrongful eviction which you know by the facts has occurred is also an infringement on Marvis Ivey's rights.

6.

Marvis Ivey remains a student in excellent standing at the school, Colgate Rochester Crozer Divinity School. A copy of her most recent transcript is attached.

7.

Marvis Ivey has demonstrated that she paid her rent on time.

Your consideration of this fact is appreciated. Any other statements needed for purposes of clarity are available at you request.

The facts of the foregoing <u>EVICTION STATEMENT AND AFFIDAVIT</u> are true and correct to the best of my knowledge and belief and are based on my personal knowledge.

SWORN TO AND SUBSCRIBED this _____ day of _____, 2012.

_____
Notary Public

_____
Marvis Ivey
P.O. Box 18404
Rochester, New York 14618
Telephone: (585) 214-9496

3. 2-1-14
_____
My Commission Expires

IRWIN H. HARRIS
Notary Public, State of New York
Qualified in Monroe County
My Commission expires _____ 3. 2-4-14

EXHIBIT "A"

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK   OFFICIAL CHECK   HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**M&T Bank**
Manufacturers and Traders Trust Company
BUFFALO, N.Y. 14240

100718693-1

10-4/220

MARVIS IVEY
REMITTER

DATE   08/01/2012

PAY TO THE ORDER OF   COLGATE ROCHESTER CROZER DIVINITY SCHOOL   $   808.00

***EIGHT HUNDRED EIGHT and 00/100***USDollars

TWO AUTHORIZED SIGNATURES REQUIRED FOR AMOUNTS $10,000.00 & OVER

#2008 - South Clinton
August Rent  $700
Copy Charges  $108
              $808

AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE

⑆100718693⑆ ⑈022000046⑈ 170010199159314⑊

1100 South Goodman Street • Rochester, NY 14620-2589



585-271-1320 • Fax 585-271-8013 • www.crcds.edu

June 19, 2012

Ms. Marvis Ivey
1100 South Goodman St.
Rochester, NY  14620
Apt 11, Saunders Hall

Dear Ms. Ivey:

This letter is sent regarding the Apartment Lease Contract ("Contract") between you and Colgate Rochester Crozer Divinity School ("School"). As you know, the Contract expires on June 30, 2012 and under the terms of the Contract you are required to vacate the premises no later than June 30, 2012.

Subject to the condition set forth in the fourth paragraph of this letter, the School will enter into a new Apartment Lease Contract ('New Contract") with you for the time period beginning on July 1, 2012 to December 31, 2012. Unless we mutually agree otherwise, the New Contract will expire on December 31, 2012 and you will be required to vacate the premises no later than December 31, 2012. Again, subject to the condition set forth in the fourth paragraph of this letter, the New Contract will be provided to you on June 28, 2012.

In the event the conditions are satisfied, the School is willing to enter into the New Contract in good faith that your excessive calls to Security during the term of the Contract and your unreasonable demands will cease. As you know, since you moved in 11 Saunders Hall, you have called Security on numerous occasions when it was completely unnecessary. This caused School resources to be needlessly diverted. You also called 911 which resulted in Rochester Police Department officers to come to campus; when they arrived on campus, you did not make a report and even refused the police access to the apartment. In addition, you have alleged that School employees have engaged in inappropriate conduct when they have not and have even demanded that the School prohibit maintenance staff from entering your unit. This demand is both unwarranted and potentially unsafe as there may be instances when the School must address safety concerns and make repairs.

In this regard, I call your attention to the note Mr. Mark DeVincentis sent to you on or about June 8, 2012 regarding a modification and repair that must be made to your unit in advance of the New York State Fire Inspector's visit on June 27, 2102 at 10:00 am. If you do not allow access to your unit to complete the repair and to confirm the modification has been completed (movement of a dresser) and/or you do not allow the New York State Fire Inspector access to your unit, the New Contract will not be issued and you will be required to vacate the unit no later than June 30, 2012. In the event this occurs, the payment you made as and for rent for July 2012 will be returned to you (note that you made this payment even though the Contract expires on June 30, 2012).

1817—Colgate Theological Seminary • 1850—Rochester Theological Seminary • 1867—Crozer Theological Seminary • 1881—Baptist Missionary Training School

1627246_2        In covenant relationship with Bexley Hall Seminary and St. Bernard's School of Theology and Ministry

Exhibit "B"



# APARTMENT LEASE CONTRACT

**Moving In – General Information**

1. **PARTIES.** This Lease Contract is between *you*, the resident **MARVIS IVEY**
and *us*, the owner: Colgate Rochester Crozer Divinity School

You've agreed to rent Apartment No **11** in **SAUNDERS** Hall for use as a private residence only
The terms "you" and "your" refer to the resident listed above and the occupants described in Paragraph 2

2. **OCCUPANTS AND ELIGIBILITY.** Only Students of Colgate Rochester Crozer Divinity School enrolled either full or part-time who are in good academic and disciplinary standing or others authorized by CRCDS may reside in the apartments. Only you, dependant children, your spouse, or partner will occupy the apartment.

3. **LEASE TERM.** The initial term of the Lease Contract begins on the **1** day of **JULY**, **2012** (year), and ends at midnight the **31** day of **DECEMBER**, **2012** (year)

4. **SECURITY DEPOSIT.** The total security deposit for each resident is $ **N/A**, due on or before the date this Lease Contract is signed See paragraphs 40 and 41 for security deposit return information.

5. **KEYS AND FURNITURE.** You will be provided **1** apartment key(s), and _____ entrance key(s). Any resident, occupant, or spouse who, according to a remaining resident's affidavit, has permanently moved out or is under court order to not enter the apartment, is (at our option) no longer entitled to occupancy, keys, or other access devices

6. **RENT AND CHARGES.** You will pay $ **700.00** per month for rent, payable in advance and without demand to the business office

Prorated rent of $ **N/A** is due for the remainder of _____.
Otherwise, you must pay your rent on or before the 1ˢᵗ day of each month (due date) with no grace period. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. If you don't pay all rent on or before the first day of the month and we haven't given notice to vacate before that date, you'll pay an initial late charge of $ **25.00** plus a late charge of $ **5.00** per day after that date until paid in full. Daily late charges will not exceed 15 days for any single month's rent. You'll also pay a charge of $ **25.00** for each returned check or rejected automatic electronic draft, plus initial and daily late charges from due date until we receive acceptable payment. If you don't pay rent on time, you'll be delinquent and all remedies under state law and this Lease Contract will be authorized.

7. **UTILITIES.** The following items are included in the rent: gas, water, wastewater, electricity, and trash. Any phone, internet or cable TV service will be paid for by you, the resident. If you sign up for phone, internet or cable TV service, it must be connected in your name. You are responsible for paying all applicable provider fees, connection fees, or disconnect fees to start/stop your service.

8. **INSURANCE.** Our insurance does not provide coverage for your personal property. We urge you to get your own insurance for losses due to theft, fire, water damage, and the like. You intend to [check one]: *Except intentional, malicious damage caused by and during trespass of landlord. Do not enter except when I am present. By appointment*
☐ not buy insurance to protect against such losses, or
☐ buy insurance from your own agent to cover such losses *Please with right to reschedule 5/19/2011*

9. **SECURITY DEVICES** What We Will Provide. We will provide at no cost to you when occupancy begins (1) a window latch on each window, (2) a doorviewer (peephole) or window on each exterior door; and (3) either a keyed doorknob lock or a keyed deadbolt lock on one entry door On Saunders Hall a keyed exterior entry with an intercom will also be provided In the event your keys are lost, notify Security as soon as possible at 746-7000. *Locks are in need of changing with each change of residents*

**Special Provisions and "What If" Clauses**

10. **SPECIAL PROVISIONS.** The following or attached special provisions and any addenda or written rules furnished to you at or before signing will become a part of this Lease Contract and will supersede any conflicting provisions of this printed Lease Contract form

11. **Rules Violations.** If at any time you violate any of the rules contained in this contract, or any addendums to this contract, or rules published in the Student Handbook, or on our web site, you may be subject to disciplinary action up to and including removal from School housing. For violations that affect the health and welfare of other residents, you may be given a written warning and 24 hours to comply with the warning. After that time, failure to comply may result in immediate removal from School housing. We reserve the right to determine the appropriate action for the health and safety of the entire community

12. **DAMAGES AND REIMBURSEMENT.** You must promptly pay or reimburse us for loss, damage, consequential damages, government fines or charges, or cost of repairs or service in the apartment community due to: a violation of the Lease Contract or rules, improper use, negligence, or

Exhibit "C"



Marvis Ivey's living room top picture and her only bedroom window. Both pictures were taken during the month of August and show no damage to the window and nothing blocking the window.

EXHIBIT "D"



This officially sealed and signed transcript is printed on security paper with a Colgate Rochester Crozer Divinity School logo. When photocopied, the word "void" will appear across the document. A black and white transcript is not an original and should not be accepted as an official transcript.

Colgate Rochester Crozer Divinity School
1100 South Goodman Street
Rochester, NY 14620
(585) 340-9632

**COLGATE ROCHESTER CROZER**
*Divinity School*

Marvis Ivey
P.O. Box 18404
Rochester, NY 14618

Graduation date:
Degree Program: Master of Divinity

## Official Transcript

| Year | ID | Courses | Fall | January | Spring | Summer |
|---|---|---|---|---|---|---|
| 2011-2012 | CS103 | Introduction to OT II | | | B+ | |
| | CF129 | Protestant Reformation | | | A- | |
| | CF120 | American Religious History | | | A | |
| | **Grade Points** | | | | | |
| | Cumulative GPA | | | | 3.75 | 3.75 |
| 2012-2013 | CS102 | Introduction to OT I | | | | |
| | CS104 | Introduction to Gospels | | | | |
| | CF 160 | Faith Seeking and Understanding | | | | |

**Additional Notes**
Conference Attendance
  Stanley L. Stuber - Spring 2012

In fall 2004, course credit changed from 4 semester hours to 3 semester hours

| Signature: *Andrea Mason* | Title: Director of Financial Aid and Registrar | Date & Seal: 9/25/2012 |
|---|---|---|

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

MARVIS M. IVEY,

    PLAINTIFF,

VS.

BARACK OBAMA,

    DEFENDANT.

### AFFIDAVIT

Before the undersigned notary public duly authorized to administer oaths in the County of Dekalb, Georgia appeared Marvis M. Ivey who under oath deposes and states:

1.

I am Marvis M. Ivey, plaintiff in the above matter. I am of the age of the majority and competent to make this Affidavit.

2.

The facts and allegations contained in <u>Complaint</u> in the above matter are true and correct and made based on my personal knowledge of the same.

3.

SWORN TO AND SUBSCRIBED under oath this 8th day of October, 2012.

_____
Marvis M. Ivey
P.O. Box 18404
Rochester, New York 14618
Telephone: (585) 214-9496

_____
Notary Public



OFFICIAL SEAL
O STRONG
Notary Public, Georgia
HENRY COUNTY
My Commission Expires
August 25, 2013