IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MARVIS M. IVEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:12-CV-3525-RLV |
| BARACK OBAMA, President of the United States of America, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS COMPLAINT**

## I.  INTRODUCTION

Plaintiff brings this action against President Barack Obama alleging that he

has engaged in illegal harassment and torture in retaliation for complaints that

plaintiff made against him.[1] [Doc. 1, p.1].  According to plaintiff, President Obama

---

[1]    The undersigned counsel do not currently represent the President in his personal capacity.  Consequently, to the extent that the Complaint may be construed as asserting personal capacity claims against President Obama, nothing contained herein is intended or should be construed as a waiver of any defenses available to the President in his personal capacity, including immunity from suit or service of process.

and his agents have retaliated against her based on complaints she made against

him.  Id.  Plaintiff alleges that President Obama violated her right to free speech.

Id.  Based upon these unsupported allegations, plaintiff seeks a restraining order

against the President of the United States of America.  Id. ¶ 4.

Defendant moves this court, pursuant to Fed.R.Civ.P. 12(b)(1),(2), and (6)

to dismiss plaintiff's complaint for the reasons set out below.  To the extent the

plaintiff seeks to sue the President in his official capacity, this complaint should be

dismissed based upon sovereign immunity for lack of subject matter jurisdiction

under 12(b)(1).  Pursuant to Rule 12(b)(6), the Government moves to dismiss

plaintiff's entire complaint because it fails to state a claim.  Additionally,

plaintiff's request for injunctive relief should be denied because she lacks

standing.  Plaintiff's claims are also subject to dismissal under Rule 12(b)(2)

because this Court does not have personal jurisdiction over the defendant.  Finally,

plaintiff's complaint is subject to dismissal because plaintiff disregarded this

Court's October 25, 2012 Order.

### III.  MOTION TO DISMISS[2]

---

[2]     Plaintiff's claims are also subject to dismissal based upon insufficient
service of process.  To the extent plaintiff intended to sue President Barack Obama
in his individual capacity, she was required to obtain personal service on him in

## A.    The LEGAL STANDARDS FOR GRANTING A MOTION TO DISMISS

### 1.    Rule 12(b)(1) - Subject Matter Jurisdiction

It is well settled that "[a] federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination."  Goodman v. Sipos, 259 F.3d 1327 (11th Cir. 2001).  "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Garcia v. Copenhaver, Bell & Associates, 104 F.3d 1256, 1260-61 (11th Cir. 1997)(quoting Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)(additional citations omitted); see also Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1992)("The district court may properly look beyond the

accordance with Federal Rule of Civil Procedure 4(i)(3).  According to the return of service, plaintiff only served the United States Attorney's Office in the Northern District of Georgia.  Additionally, to the extent the plaintiff intended to proceed against the President in his official capacity, she was required to perfect service under Rule 4(i)(A), (B), and (C).  As previously noted, it appears that the plaintiff only served the United States Attorney's Office.  Absent proper service, this Court lacks personal jurisdiction over the Defendant.

jurisdictional allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject matter jurisdiction

exists.").

### 2.      12(b)(6) - Failure to State a Claim

A motion to dismiss for failure to state a claim should be granted where it is

clear that no relief can be granted under any set of facts that could be proved

consistent with the allegations in Plaintiff's complaint.  Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984).  This standard mandates that the court accept

the allegations of fact in the complaint as true and resolve them in the light most

favorable to the Plaintiff.  Ancata v. Prison Health Service, Inc., 769 F.2d 700, 702

(11th Cir. 1985); see also, Craighead v. E.F. Hutton & Co., 899 F.2d 485 (6th Cir.

1990)(dismissal proper for failure to allege facts sufficient to establish elements

necessary for recovery under securities laws).

### B.      Sovereign Immunity Bars Plaintiff's Complaint

The plaintiff has brought a suit challenging alleged actions by President

Barack Obama in his capacity as President.  To the extent plaintiff's claims against

Barack Obama are asserted against him in his official capacity as the President of

the United States, these are claims against the United States.  The United States, as

4

a sovereign, cannot be sued without its prior consent. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. 392 (1976).  This waiver of sovereign immunity is a prerequisite for subject matter jurisdiction. <u>United States v. Sherwood</u>, 312 U.S. 584, 590 (1941); <u>United States v. Nordic Village, Inc.</u>, 112 S. Ct. 1011 (1992).  Waivers of sovereign immunity are to be strictly construed, and the terms of the Government's consent to be sued in any court defines that court's jurisdiction to entertain the suit.  <u>United States Dept. of Energy v. Ohio</u>, 112 S.Ct. 1627 (1992); <u>United States v. Nordic Village, Inc.</u>, 112 S.Ct. 1011 (1992). Without the necessary waiver of sovereign immunity, the Court lacks subject matter jurisdiction over this action and/or any of its claims for relief. <u>U.S. v. Testan</u>, 424 U.S. 392, 399 (1976).  "[A] party who sues the United States has the burden of identifying the specific statutes waiving the government's sovereign immunity and showing that the requirements of such statutes have been met. <u>Ray v. Lowden</u>, 2003 WL. 695924 *3 (M.D. Fla. 2003).  Here, plaintiff must articulate a cause of action in her Complaint for which the United States has waived its sovereign immunity.  Because no such cause of action is listed in her Complaint and none is apparent on the face of the pleading, her Complaint must be dismissed.

5

### C.   Plaintiff's Claims Fail to State a Claim

Pursuant to Rule 12(b)(6), plaintiff's Complaint fails to state a claim upon which any relief can be granted.  The plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).   A claim lacks an arguable basis in law or fact when it is premised on a meritless legal theory or when the factual contentions are clearly baseless.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  Although a plaintiff is not required to plead detailed factual allegations, she must assert facts that are sufficient to raise the right to relief.  The Complaint must provide more than an "unadorned, the defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Even a generous review of the plaintiff's *pro se* Complaint demonstrates that it is obvious that there are no facts alleged in her Complaint that offer any basis for relief.  For example, on page one of the Complaint, plaintiff states that the President "is causing others to commit crimes in furtherance of his criminal acts done against plaintiff and the nation." [Doc. 1 at 1].  Additionally, plaintiff states that "an act of terrorism was performed in Rochester, New York to which the president was advised and acted in support of the domestic terrorists rather

6

than do his duty to defend and protect this nation." Id.  Plaintiff makes similar

types of bare assertions throughout her 4-page Complaint.  None of these

allegations are supported by any credible facts.  Indeed, plaintiff's factual

assertions against President Obama are more properly characterized as frivolous.

See Neitzke 490 U.S. at 325.

Because plaintiff has not plead any facts that, if taken as true, state a claim

against the President of the United States of America her Complaint should be

dismissed pursuant to Rule 12(b)(6).

### D.  Plaintiff Lacks Standing To Assert Her Injunctive Claims

To the extent plaintiff alleges that she is entitled to preliminary and

permanent injunctive relief, plaintiff's complaint fails because she lacks standing

to seek such relief.  As a plaintiff seeking injunctive relief before this Court,

Plaintiff must show she has standing by demonstrating that there exists a real,

immediate threat of future injury to her.  Plaintiff cannot show such a threat and

therefore lacks standing.

To have standing to seek injunctive relief, a plaintiff must demonstrate that

he or she suffered injury in fact, that the injury is fairly traceable to the

defendant's actions, and that the injury will likely be redressed by a favorable

decision.  See CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257,

1269 (11th Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-

561 (1992)).

A plaintiff seeking injunctive relief must establish not only a past injury, but

also a real, immediate threat of future injury.  City of Los Angeles v. Lyons, 461

U.S. 95, 102-05 (1983) (requiring that, because injunctions regulate future

conduct, a party seeking injunctive relief must allege a threat that is real and

immediate, not merely conjectural or hypothetical).  Speculation as to future injury

is insufficient, even if the practice the injunction movant challenges is considered

continuing.  Id. at 109 ("The equitable doctrine that cessation of the challenged

conduct does not bar an injunction is of little help in this respect, for Lyons' lack

of standing does not rest on the termination of the police practice but on the

speculative nature of his claim that he will again experience injury as the result of

that practice even if continued.").  Here, plaintiff's subjective belief that President

Obama intends to interfere with her ability to bring this lawsuit or "pursue her

personal business in the City of Atlanta, Georgia" is insufficient to warrant the

issuance of injunctive relief.  Because Plaintiff cannot meet her burden by

showing a real and immediate threat of future injury as articulated in Lyons, she

8

fails to demonstrate standing.  The Court thus should dismiss her claims for

injunctive relief for lack of subject matter jurisdiction.[3]

### E.   Plaintiff's Complaint Should Be Dismissed Because She Failed to Comply With A Court Order.

Recognizing that plaintiff's complaint "is a classic shotgun pleading", this

Court directed plaintiff to file an amended complaint that complied with Federal

Rule of Civil Procedure 8 on or before November 30, 2012. [See Doc. 5].  The

Court warned the plaintiff that if she did not comply with this directive, the court

would dismiss the plaintiff's complaint.  As of this date, the plaintiff has not

complied with this Court's Order.  Consequently, plaintiff's complaint, which as

indicated above, fails to comply with Rule 8 of the Federal Rules of Civil

Procedure, should be dismissed.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.

1989)(dismissing pro se plaintiff's complaint with prejudice when plaintiff

violated court order); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007)(district

court did not abuse its discretion dismissing plaintiff's complaint for failure to

---

[3]       Moreover, to the extent the plaintiff is asserting a claim against President Obama in his individual capacity, it would be dismissed based upon absolute immunity.  See Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982)(the president is entitled to absolute immunity from damages liability predicated on his official acts.")

comply with court order instructing plaintiff to amend her pro se complaint to provide short and plain statement of her claims.)

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ Aileen Bell Hughes
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 375505
600 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6133
Aileen.bell.hughes@usdoj.gov

10

## **CERTIFICATE OF COMPLIANCE**

I certify that the document to which this certificate is attached has been

prepared with one of the font and point selections approved by the Court in LR

5.1B for documents prepared by computer.


  /s/ *Aileen Bell Hughes*_____
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

I certify that I have this day served the enclosed **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT,** by depositing a copy thereof, postage prepaid, in the United States Mail addressed as follows:

Marvis M. Ivey
P.O. Box 18404
Rochester, New York 14618

This 18th day of December, 2012.

/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
Assistant United States Attorney

12